**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| LUIS MARROQUIN<br><br>    Plaintiff,<br><br>       v.<br><br>CITY OF ROCKFORD AND POLICE<br>OFFICERS CHRISTIAN<br>KLINKHAMMER AND JAMES<br>NACHAMPASSACK<br><br>    Defendants. | )<br>)  Case No:  26-cv-2182<br>)<br>)<br>)  **Complaint for**<br>)  **Violation of Civil Rights**<br>)<br>)<br>)<br>)<br>)<br>) |

## JURISDICTION AND VENUE

1. This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343 and 1331.

2. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3. At all times herein mentioned, Luis Marroquin (hereinafter "Plaintiff") was and is a citizen of the United States and was within the jurisdiction of this court.

4. At all times herein mentioned Defendant City of Rockford Police Officer Christian Klinkhammer ("Klinkhammer") was employed by the City of Rockford Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Rockford Police Department. This defendant is being sued in his individual capacity.

5.     At all times herein mentioned Defendant City of Rockford Police Officer James Nachampassack ("Nachampassack") was employed by the City of Rockford Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Rockford Police Department. This defendant is being sued in his individual capacity.

6.     At all times herein mentioned, the City of Rockford was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the City of Rockford maintained, managed, and/or operated the City of Rockford Police Department.

## FACTUAL ALLEGATIONS

7.     On February 28, 2024, at 5980 East State Street, in the City of Rockford, state of Illinois, Defendants Klinkhammer and Nachampassack subjected Plaintiff to a custodial arrest.

8.     During the course of the arrest Defendant Nachampassack used great bodily force against Plaintiff slamming him into a vehicle and the ground.

9.     The force used by Defendant Nachampassack caused Plaintiff to sustain multiple bone fractures.

10.     Plaintiff had not engaged in any action that required Defendant Nachampassack to use any force against Plaintiff. The amount of force used by Nachampassack against Plaintiff was unnecessary and unreasonable.

11.     After arresting Plaintiff Defendants Klinkhammer and Nachampassack jointly caused Plaintiff to be charged with resisting arrest and aggravated assault of Nachampassack.

12.     Plaintiff had not resisted arrest and had not assaulted Nachampassack.

13.     As a result of being charged with these crimes by Klinkhammer and Nachampassack Plaintiff was taken into police custody, subjected to pretrial detention, and restrictions on his liberty during the pendency of the criminal charges against him.

2

14. On February 25, 2025, Plaintiff was found not guilty of all charges.

15. The aforementioned acts of defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

16. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1983, 42 U.S.C 1988, the Equal Access to Justice Act, or any other provision set by law.

**COUNT I**
**Plaintiff against Defendant Nachampassack**
**For**
**EXCESSIVE FORCE**

17. Plaintiff hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

18. During and after Plaintiff's arrest Nachampassack intentionally used force against Plaintiff's person to the extent that it caused Plaintiff to sustain multiple bone fractures.

19. Defendant Nachampassack intentionally used force against Plaintiff's person despite the fact that Plaintiff did not resist the seizure of his person.

20. There was no cause for Nachampassack to use any force against Plaintiff.

21. By reason of the conduct of Nachampassack, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment to the Constitution of the

United States and laws enacted thereunder. The physical violence inflicted upon Plaintiff was unnecessary, unreasonable, and excessive, and was therefore in violation of his Fourth Amendment Rights. Therefore, Defendant Nachampassack is liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II

**Plaintiff against Defendants Nachampassack and Klinkhammer**
**For**
**MALICIOUS PROSECUTION**
**(FOURTH AMENDMENT)**

22.     Plaintiff hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully set forth at this place.

23.     Defendants Nachampassack and Klinkhammer caused Plaintiff to be subjected to criminal prosecution for the crimes of resisting arrest and aggravated battery without probable cause.

24.     Plaintiff did not resist arrest or commit an aggravated battery, and Defendants did not have probable cause to believe Plaintiff had committed either crime.

25.     Defendants knew that Plaintiff's arrest, detention, and criminal prosecution were not based upon sufficient evidence to reasonably conclude Plaintiff had committed either crime.

26.     As a result of these criminal charges initiated by Defendants Plaintiff was subjected to pretrial detention and other restrictions on his liberty while the criminal charges against him were pending.

27.     The criminal charges initiated against Plaintiff terminated in Plaintiff's favor when Plaintiff was found not guilty of all charges on February 25, 2025.

28.     As a result of the foregoing, Plaintiff has sustained damage related to being falsely charged with one or more crimes.

4

29. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth Amendment of the Constitution of the United States and laws enacted thereunder. Therefore, Defendants are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III

**Plaintiff Against Defendants Klinkhammer, Nachampassack, and the City of Rockford**

**For**

**MALICIOUS PROSECUTION**
**(ILLINOIS TORT)**

30. Plaintiff hereby incorporates and realleges paragraphs one (1) through sixteen (16) hereat as though fully alleged at this place.

31. Defendants Klinkhammer and Nachampassack, who were employed by the City of Rockford, maliciously commenced and/or caused to be continued legal proceedings against Plaintiff alleging that he had resisted arrest and committed an aggravated battery.

32. Defendants subjected Plaintiff to a criminal prosecution for the crimes of resisting arrest and aggravated battery without probable cause.

33. Plaintiff did not resist arrest or commit an aggravated battery.

34. Defendants knew that Plaintiff's criminal prosecution was not based upon sufficient evidence to conclude Plaintiff had resisted arrest or committed an aggravated battery and armed with this knowledge maliciously commenced and continued the baseless criminal prosecution of Plaintiff.

35. The criminal charges Defendants initiated against Plaintiff terminated in Plaintiff's favor when he was acquitted on February 25, 2025.

5

36.     As a result of Defendants Klinkhammer and Nachampassack causing these baseless legal proceedings Plaintiff was injured financially, emotionally, and otherwise.

37.     The City of Rockford is liable to Plaintiff for the acts of Defendants Klinkhammer and Nachampassack pursuant to the doctrine of *respondeat superior*.

38.     Therefore, Defendants Klinkhammer, Nachampassack, and the City of Rockford are liable under the supplemental Illinois tort claim of Malicious Prosecution.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1.     That the Defendants and each of them be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2.     That all Defendants be required to pay Plaintiff's special damages;

3.     That these same Defendants required to pay Plaintiff's attorneys fees pursuant to 42 1983 of Title 42 of the United States Code, Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4.     That the individual Defendants, other than the City of Rockford, and each of them be required to pay punitive and exemplary damages in a sum to be ascertained;

5.     That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6.     That Plaintiff have such other and further relief as this Court may deem just and proper.

BY:     s/Garrett Browne
ED FOX & ASSOCIATES, LTD.

Attorneys for Plaintiff
118 North Clinton St.
Suite 425
Chicago, Illinois 60661
(312) 345-8877
gbrowne@efoxlaw.com

**6**

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY:    <u>s/Garrett Browne</u>
       ED FOX & ASSOCIATES, LTD.

       Attorneys for Plaintiff
       118 North Clinton St.
       Suite 425
       Chicago, Illinois 60661
       (312) 345-8877
       gbrowne@efoxlaw.com